**FILED**
AT ALBUQUERQUE NM

JAN - 9 2001

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT LEE WILLIS,

      Plaintiff

v.                                     Civ. No. 00-0413 BB\RLP

JOHN DANTIS, *et al.*,

      Defendants.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

    1.    This is a proceeding brought pursuant to 42 U.S.C. § 1983. Since June 21, 1999 Mr. Willis has been incarcerated in the Bernalillo County Detention Center ("BCDC"). Defendant John Dantis is the Director of BCDC. Since September, 1999, Defendant Prison Health Services ("PHS") has provided health services to inmates at BCDC. Defendant Catherine Kincaid, M.D. ("Dr. Kincaid") is employed by PHS. Mr. Willis claims violations of his rights under the Eighth and Fourteenth Amendments to the Constitution.

    2.    Mr. Willis filed his suit acting *pro se* on March 20, 2000. On June 1, 2000 an attorney entered his appearance on behalf of Mr. Willis [Doc. 8], but withdrew as counsel approximately two months later [Doc. 19, 20]. Based on Mr. Willis' *pro se* status, the court ordered the defendants to submit *Martinez* reports providing documentation to address Mr. Willis' claims [Doc. 21]. Dantis filed his *Martinez* Report [Doc. 23] on

---

    [1]    Within ten (10) days after a party is served with a copy of this "Magistrate Judge's Proposed Findings and Recommended Disposition" (hereinafter the "Proposed Findings") that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court to the Proposed Findings. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Proposed Findings. If no objections are filed, no appellate review will be allowed.



September 22, 2000 and PHS and Dr. Kincaid filed their *Martinez* Report [Doc. 24] on September 26, 2000. Although Mr. Willis was advised by the court that the documents could be used to support a summary judgment motion, *see* Order [Doc. 21], he filed no response to either Report.

3.  Mr. Willis alleges delay in treatment for two separate medical conditions: an eye infection, resulting in loss of vision, and an abscessed tooth, causing him severe pain. Pursuant to the court's Order, the parties submitted all medical records and other documents concerning these conditions. Each medical condition will be discussed in turn.

4.  Mr. Willis began seeking treatment for an eye infection in early August, 1999. His attorney at the time wrote to BCDC on August 11, 1999 stating that Mr. Willis had been denied treatment. The attorney noted that Mr. Willis had lost approximately 40% of his vision five years ago when he had an ulcer on his cornea. (These are exactly the same claims Mr. Willis makes with regard to his lack of care from Defendants.) From the records submitted, and not disputed by Mr. Willis, he was seen and treated several times a month from August 8, 1999 through July, 2000. From the records submitted, it appears that Dr. Kincaid saw Mr. Willis on three occasions. He received medication for what was described as chronic herpes keratisis.

5.  "Under the Fourteenth Amendment's Due Process Clause, pretrial detainees are entitled to the same degree of protection against denial of medical care as that afforded to convicted inmates under the Eighth Amendment." *Hocker v. Walsh*, 22 F.3d 995, 998 (10th Cir. 1994). A medical staff's "deliberate indifference" to serious medical needs of prisoners constitutes a violation of the Eighth Amendment. *Estelle v. Gamble*,

2

429 U.S. 97 (1976). However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* at 106. Such medical malpractice does not constitute deliberate indifference. *Id.* Nor does disagreement in medical judgment. *Id.* at 107.

6.     In *Green v. Branson*, 108 F.3d 1296 (10th Cir. 1997), a prisoner sought to hold the warden liable under § 1983 for, *inter alia*, his deliberate indifference in failing to obtain medical care for the prisoner after a prison beating. The court held that "[l]iability of a supervisor under § 1983 must be predicated on the supervisor's deliberate indifference rather than mere negligence." *Id.* at 1302.

> To establish a supervisor's liability under § 1983 [prisoner] must show that "an 'affirmative link' exists between the [constitutional] deprivation and either the supervisor's 'personal participation, his exercise of control or direction, or his failure to supervise.'"

*Id.* (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1527 (10th Cir. 1988)).

7.     Mr. Willis is understandably concerned about losing more of his vision in his right eye, but there is nothing in the medical records to indicate that he did, in fact, lose additional sight or that he was denied treatment by PHS or Dr. Kincaid. Because he was not denied treatment, there can be no liability for Dantis. *Branson, supra.*

8.     Mr. Willis was involved in an altercation on or about July 3, 1999[2] and suffered a cracked or chipped molar due to a blow to the jaw. He received treatment for

---

[2] Because PHS and Dr. Kincaid did not begin providing services to BCDC until September, 1999, this claim does not affect those defendants.

3

his jaw the next day.  Less than a week later, he was complaining of tooth pain due to the chipped molar.   On July 9 an inmate counselor was trying to get dental care for Mr. Willis and was informed that the regular dentist was on vacation and there were approximately 40 patients waiting to see the dentist.  On July 10, 1999 Mr. Willis was taken to UNM's emergency room and the physician who examined Mr. Willis noted that his tooth was abscessed.   Mr. Willis was prescribed antibiotics and Ibuprofen.

9.      The counselor contacted Mr. Willis' attorney who scheduled an emergency hearing in front of state district court Judge Murdoch on July 15, 1999.  Judge Murdoch ordered a transport for Mr. Willis to see an oral surgeon, which he did the same day and had his tooth extracted.

10.     Based on the foregoing record of events, which is not disputed by Mr. Willis, there is simply no evidence of deliberate indifference to Mr. Willis' medical needs; thus, there is no liability to attach to Mr. Dantis because there is no constitutional deprivation.

11.     The court has reviewed Mr. Willis' complaint and the two *Martinez* reports submitted by the Defendants.  Construing all inferences in favor of Mr. Willis, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the court finds that there are no material facts in dispute and that judgment should be entered in favor of Defendants.

### RECOMMENDED DISPOSITION

I recommend that this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

4